# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**JOHN PAUL THOMAS**　　　　　　**CIVIL ACTION NO. 6:12-cv-2297**

**VS.**　　　　　　　　　　　　**SECTION P**

　　　　　　　　　　　　　　**JUDGE HAIK**

**MICHAEL NEUSTROM,**
**SHERIFF, LAFAYETTE PARISH**　　**MAGISTRATE JUDGE HILL**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff John Paul Thomas, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 31, 2012.  Thomas complains that while he was incarcerated at the Lafayette Parish Corrections Center (LPCC) in Lafayette, Louisiana, he was denied timely and sufficient access to the law library.  Plaintiff names Lafayette Parish Sheriff Michael Neustrom.  He seeks injunctive relief (additional access to the law library) and compensatory damages.

Because plaintiff's pleadings were deficient, on November 8, 2012, plaintiff was ordered to amend his Complaint within 30 days to cure the deficiencies noted by this Court.  Thus, plaintiff's Amended Complaint was due on or before December 10, 2012.  To date, plaintiff  has never amended his Complaint as Ordered.  Moreover, plaintiff has not communicated with this Court since August 31, 2012, the date he filed this civil rights action.

**Law and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." The district court also has the inherent authority to dismiss an action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Plaintiff has failed to comply with an Order directing him to amend his Complaint. Further, plaintiff has not communicated with this Court in any manner since August 31, 2012. These failures on his part warrant dismissal.

Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The  requirements for a dismissal with prejudice are satisfied in this case.  Plaintiff has ignored this Court's Order directing him to amend his Complaint.  Further, plaintiff has not communicated with this Court for over five months. Thus, it appears that plaintiff is no longer interested in pursuing his claims in this Court.  Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Thus, dismissal of this case may be the least sanction available. Under these circumstances dismissal with prejudice is warranted.

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within**

---

[1] **IN THE EVENT THAT PLAINTIFF OBJECTS TO THIS RECOMMENDATION, HE SHOULD INCLUDE, ALONG WITH HIS OBJECTION, A FULL AND COMPLETE RESPONSE TO THE MEMORANDUM ORDER OF NOVEMBER 8, 2012. [DOC. 6]**.

3

fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

     In Chambers at Lafayette, Louisiana on February 8, 2013.


_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE


Copy sent:  RTH
On:  2-8-2013
By:  MBD